CULPEPPER, Judge.
Plaintiff appeals from a judgment dismissing his suit as of nonsuit, following plaintiff’s failure to amend his petition within the delay of ten days as required by an order of the court sustaining certain dilatory exceptions.
*154 In chronological order the relevant facts are as follows: Suit was filed on September 18, 1962. On September 27, 1962, the defendants filed certain dilatory and peremptory exceptions including that of vagueness. On November 9, 1962 the defendants procured an order setting these exceptions for hearing on December 11, 1962. On November 13, 1962 the clerk of court notified plaintiff’s attorney of the fact that the exceptions were set for hearing on December 11, 1962 at 10 o’clock a. m. At the time and place set for the hearing, plaintiff’s attorney did not appear, although he admits that he had received the clerk’s notice of the hearing. After ascertaining that plaintiff’s attorney had been notified, the court proceeded to hear the exceptions. The court referred all of the peremptory exceptions to the merits, but maintained certain dilatory exceptions, including that of vagueness, and ordered plaintiff to amend his petition within ten days or suffer dismissal. On the same day of the hearing, December 11, 1962, the clerk of court mailed plaintiff’s attorney a copy of the minutes of the court showing the action taken with reference to the exceptions. Plaintiff’s attorney contends that he never actually received this notice from the clerk.
On January 7, 1963, plaintiff having failed to amend as directed, defendant moved for and was granted a judgment dismissing plaintiff’s suit as of nonsuit. The clerk of court immediately mailed, and plaintiff’s attorney received, notice of this judgment of dismissal. On January 9, 1963, plaintiff’s attorney moved to have the judgment of dismissal vacated on the grounds that he was never notified of the rulings on the exceptions. The trial judge refused to vacate the judgment of dismissal. Plaintiff then appealed.
In this court plaintiff appellant argues that “the sole question before the court is whether plaintiff’s counsel received notice of the ruling of the Honorable Judge on the exceptions which was done in the month of December, 1962.”. As counsel for the defendant has pointed out, we think the answer to this contention is that plaintiff’s counsel was not, as a matter of law, entitled to notice of the ruling on the exceptions. This fuling was rendered in open court and was written into the minutes at a hearing of which plaintiff’s counsel admittedly had ample and proper notice. Plaintiff has not cited, nor have we been able to find, any provision of the Code of Civil Procedure requiring notice of an interlocutory judgment in this situation. L SA-C.C.P. Art. 1914 applies only where the matter has been taken under advisement.
It appears from the record that all of the requirements of the Code of Civil Procedure for the rendition of the judgment of dismissal have been met. Plaintiff’s counsel of record was served with a copy of the exceptions by mail in conformance with the provisions of LSA-C.C.P. Articles 1312 and 1313. Plaintiff’s counsel admittedly received notice that these exceptions were set for hearing on December 11, 1962, but, through his own neglect, did not appear at the hearing. The exceptions were heard and, without taking the matter under advisement, -the court rendered its ruling which was duly entered in the minute book in accordance with the provisions of LSA-C.C.P. Article 254. When plaintiff failed to amend within ten days, judgment of dismissal as of nonsuit was signed in conformance with the provisions of LSA-C.C.P. Article 933.
Although the record shows 'that the clerk of court actually mailed to plaintiff’s counsel a copy of the minutes showing the court’s ruling on the exceptions, this was done by the clerk as a matter of courtesy and not because it was required by law. Insofar as we have been able to determine, all that is actually required of the clerk in this situation is that he record the ruling in the minute book. The reason for this procedure is that counsel, who had proper ■notice of the time at which the hearing on the exceptions would be held, but did not *155 appear, could look at the minute book to •determine what action was taken by the court.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.